Exhibit B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| In re | ) | |
|     ALESSANDRO CIACCIO | ) | |
|     TINA B. CIACCIO | ) | Case No. 02-85541 |
|         Debtors. | ) | Chapter 7 |
| BRANCH BANKING AND TRUST COMPANY | ) | |
|     Plaintiff, | ) | |
| v. | ) | Adv. Proc. No. |
| ALESSANDRO CIACCIO | ) | 03-1059 |
| and | ) | |
| TINA B. CIACCIO | ) | |
|     Defendants | ) | |

DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFF

NOW COME Defendant, through counsel, pursuant to Fed. R. Civ. P. Rule 33, made applicable to this proceeding by Bankruptcy Rule 7033, and propounds the following interrogatories to Plaintiff, to be answered within the time prescribed by the Rules of this Court. Each interrogatory is to be answered separately and fully by each Defendant, under oath, and in conformance with the following instructions and definitions and those set forth in the Rules:

I.  **DEFINITIONS AND INSTRUCTIONS**

A.  These interrogatories are continuing in character, so as to require you to file supplementary answers as required by Fed. R. Civ. P. Rule 26(e).

B.  Where the name or identity of a person is requested, please state such person's full name, gender and, if female, pregnancy status and dates of any pregnancies, position, firm or agency, present or last known home address (if a natural person), business address, business affiliation, and telephone numbers, if known, and state the person's relationship with the parties. Where knowledge or information in possession of a person is requested, such request includes knowledge of such person's agents, representatives and, unless privileged, attorneys.

C.  Where the answer to any interrogatory requires the use of documents, identify all documents in your possession, subject to your control, or of which you have knowledge, which would contain any of the information requested in each interrogatory, and state the subsection or part of such interrogatory to which each document is relevant. For the purpose of these interrogatories, "document" shall be defined in the broadest sense permissible under the Rules, and shall include the original and any copy of any and all writings as that term is defined in Federal Rule of Evidence 1001, and includes, but is not limited to, writings, drawings, graphs, e-mail communications, charts, records or notes of telephone conversations, computer, video, voice or data recording tapes, disks, and other media, and every

other type of physical evidence or data compilation including all forms of computer storage and retrieval. With respect to documents, "identify" means to state the nature, form, length, subject matter and title of the document, the date of its preparation, the identity of its author, the persons to whom it was addressed and to whom a copy was identified as being directed, and its present location and custodian with sufficient particularity to support the issuance of a subpoena for its production.

D. "In the possession, custody, or control" of a party includes materials in the possession, custody or control of any current or former attorney, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, officer, or director of such party, and other persons acting on its behalf.

E. If, for reasons other than a claim of privilege, you refuse to answer any interrogatory, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such a refusal. In the event that you object to any interrogatory on the basis that it is overbroad for any reason, respond to that interrogatory narrowed in such a way as to render it not overbroad in your opinion, and state the extent to which you have narrowed the interrogatory for purposes of your response.

F.  If you refuse to answer any interrogatory, in whole or in part, on the grounds of privilege, so state, answer all remaining parts of the interrogatory, and state the nature of the privilege (e.g., attorney-client, etc.) and provide facts sufficient to support your claim of privilege. For each item of information, communication, document or part thereof as to which you claim privilege, state:

    (1) the date of the document or communication;
    (2) the type, title, and subject matter of the document or communication, sufficient to assess whether the assertion of privilege is valid;

    (3) the name of the person(s) who prepared or signed the document or communicated the information;

    (4) the name and positions of any intended and actual recipients of the document or communication;

    (5) each person now in possession of the original or a copy of the document, information or communication;

    (6) the nature of the privilege being claimed and any facts relevant to the claim;

    (7) the number of the interrogatory to which the document, communication or other information is responsive.

G.  In order to bring within the scope of these interrogatories all information and documentation which might be otherwise be construed to be outside their scope:
    (1) the singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other;

    (2) "and" as well as "or" shall be construed both conjunctively as well as disjunctively;

(3) "each" shall be construed to include "every" and vice versa;

(4) "any" shall be construed to include "all" and vice versa;

(5) the present tense shall be construed to include the past tense and vice versa;

(6) the masculine shall be construed to include the feminine and vice versa;

(7) "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, agents, representatives, and attorneys;

(8) "include" shall have its ordinary meaning and not indicate limitation to the examples or items mentioned;

(9) The pronoun "you" and its derivatives refers to the person or entity to whom these interrogatories are addressed, its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, agents, representatives, and attorneys.

(10) "Communication" means any transfer of information between two or more persons, whether by written, oral or other means, including but not limited to personal conversations, telephone calls, correspondence, electronic and/or computer transmissions, and facsimiles.

(11) "person" refers to both natural persons and to corporate or other entities such as a firm, company, partnership, proprietorship, association, governmental or quasi-governmental entity or agency, or any other form of organization or entity, including the parties to this action, whether or not in the employ of any party to this action;

(12) in general, all terms used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly-literal or otherwise restrictive manner.

H. If any interrogatory cannot be answered in full, it

should be answered to the extent possible with an explanation as to why the remainder cannot be answered, disclosing whatever information, knowledge or belief you do have with respect to the unanswered portion, including the name(s) and address(es) of any person(s) or entity(ies) having further information.

I.  Each definition or instruction above shall be fully applicable to each interrogatory, notwithstanding that a definition or instruction may, in whole or in part, be reiterated in a particular interrogatory, or that a particular interrogatory may incorporate supplemental instructions or definitions.

J.  If you exercise the option to respond to any interrogatory by producing business records pursuant to Rule 33(d), identify such business records by the interrogatory to which they are responsive.

II. <u>INTERROGATORIES</u>

    1. Explain with particularity the reasons for and circumstances surrounding the termination of employment of Sana Joseph from Plaintiff, including the date of such termination.

2. Explain with particularity the basis for the "RCO/SCO Comments" on the "NHR AlaRM REVIEW" dated 7/02 (attached hereto as Exhibit A), specifically the basis for the comment that "Quality/Accuracy of financial are suspect in hindsight because loan was referred by Sana Joseph and apparently came from a broker." Include in your response detailed descriptions of any other loans handled by Sana Joseph for which an NHR AlaRM Review was generated.

3. Explain with particularity the reasons for and circumstances surrounding the termination of employment of Jerlina Nguyen from Plaintiff, including the date of such termination.

4. Identify with particularity all loans issued by BB&T that were generated by, referred by, or originated from Pinetree Mortgage, Capital Home Funding, and/or Robert Lee from January 1997 through the present, including but not limited to loans made to D&M Trucking, and state the current status of those loans.

5. State whether or not BB&T currently accepts loan applications originated by Pinetree Mortgage, Capital Home Funding, and/or Robert Lee and, if not, explain why.

Dated: May 8, 2003.

Respectfully submitted,

_____
Russell B. Adams III, VSB# 37302
CHUNG & PRESS, P.C.
6723 Whittier Avenue, Suite 302
McLean, Virginia 22101
(703) 734-3800
Counsel for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May 2003, I caused a true and accurate copy of the foregoing document to be served by fax and first class mail, postage pre-paid, upon counsel for the Plaintiff addressed as follows:

> Joseph F. Jackson, Esq.
> Williams Mullen
> 8270 Greensboro Drive, Suite 700
> McLean, VA 22102

_____
Russell B. Adams III