*Exhibit D*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| In re | ) | |
|     ALESSANDRO CIACCIO | ) | |
|     TINA B. CIACCIO | ) | |
| | ) | Case No. 02-85541 |
|         Debtors. | ) | Chapter 7 |
| | ) | |
| BRANCH BANKING AND TRUST COMPANY | ) | |
|         Plaintiff, | ) | |
| v. | ) | Adv. Proc. No. |
| ALESSANDRO CIACCIO | ) | 03-1059 |
| and | ) | |
| TINA B. CIACCIO | ) | |
|         Defendants | ) | |

DEFENDANTS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COME Defendants, through counsel, pursuant to Fed. R. Civ. P. Rule 34, made applicable to this proceeding by Bankruptcy Rule 7034, and propound the following Request for Production of Documents to the Plaintiff, and requests that you produce the documents identified below within the time prescribed by the Rules of this Court, and in accordance with the following Definitions and Instructions, at the offices of Chung & Press, P.C., 6723 Whittier Ave., Suite 302, McLean, VA 22101.

## DEFINITIONS AND INSTRUCTIONS

Each request herein constitutes a request that each document referred to, or a true, complete, and legible copy thereof, be presented during business hours and upon appropriate notice, within the time provided for in Rule 34, at the place designated above or such other place as may be agreed upon between the parties, for the purpose of inspection and copying in accordance with Rule 34. For purposes of this Request, the following Definitions and Instructions apply:

1. This Request is continuing in character so as to require you to file supplemental responses if further documents are located or as otherwise required by Rule 26(e).

2. "Document" shall be construed in the broadest sense permissible under Rule 34 and shall include the original and any copy of any and all writings as that term is defined in Federal Rule of Evidence 1001, and all written, typed, printed, recorded, graphic, computer generated, or other matter of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tape, film, disk, electronic facsimile, computer storage devices, or any other medium. It includes without limitation the following: letters, memoranda, e-mail communications, appointment calendars, schedules, books, printed forms, notices, meeting minutes, manuals, reports, receipts, bylaws, articles of incorporation or organization, files, transcripts, tapes, drawings, diagrams, tables, charts, blueprints, signs, posters, evaluations, financial statements,

contracts, applications, motions, complaints, answers, responses, replies, protests, verified statements, hearing transcripts, filings and pleadings. The term "document" or "documents" also shall include each copy that is not identical to the original or to any other produced copy, and any preliminary drafts of any document or any working papers related thereto, and specifically includes internal memoranda.

3. "In the possession, custody, or control" of a party includes materials in the possession, custody or control of any current or former employee, agent, officer or director of that party, or any other person acting on its behalf, including attorneys.

4. The following definitions shall apply to this Request:
   a. "Communication" means any transfer of information between two or more persons, whether by written or oral means, including but not limited to personal conversations, telephone calls, correspondence, telegrams, electronic transmissions, and facsimiles.

   b. The pronoun "you" and its derivatives refers to the person or entity to whom this Request is addressed, its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, agents, representatives, and attorneys.

5. In order to bring within the scope of these Requests all information which might otherwise be construed to be outside their scope:
   a. the singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other;

   b. "and" as well as "or" shall be construed both conjunctively as well as disjunctively;

c. "each" shall be construed to include "every" and vice versa;

d. "any" shall be construed to include "all" and vice versa;

e. the present tense shall be construed to include the past tense, and vice versa;

f. the masculine shall be construed to include the feminine and vice versa;

g. "include" shall have its ordinary meaning and shall not indicate limitation to the examples or items mentioned;

h. "person" refers to both natural persons and to corporate or other entities such as a firm, company, partnership, proprietorship, association, governmental or quasi-governmental entity or agency, or any other form of organization or entity, including the parties to this action, whether or not in the employ of any party to this action;

i. in general, all terms used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly-literal or otherwise restrictive manner.

6. If you refuse to provide a full and complete answer to any Request herein, state the grounds on which such refusal is based with sufficient specificity to permit a determination of the propriety of such a refusal and respond fully to any portion of the Request not objected to. In the event that you object to any Request on the basis that it is overbroad for any reason, respond to that Request narrowed in such a way as to render it not overbroad in your opinion, and state the extent to which you have narrowed the Request for purposes of your response.

7. Each request to produce a document includes documents

which are in any way in your possession, custody, or control or any of your attorneys, or to which it or any of your attorneys have access. If a requested document was, but no longer is, in your possession, custody or control, identify the document with sufficient specificity to support the issuance of a subpoena for its production and identify the present location and custodian of the document, or if such document is unavailable, identify the last known location(s) and custodian(s) of the document, and explain the circumstances under which the document left your possession, custody or control.

8.  If you believe that any of the following Requests for Production of Documents calls for the assertion of a claim of privilege, produce so much of the document(s) as is not objected to, and set forth, with respect to each such document as to which a claim of privilege is asserted, the nature of the privilege claimed (e.g., attorney-client, work product, etc.) and the basis for your claim. For each document or part of a document as to which you claim privilege, state:

> (1) the date of the document;
> (2) the type, title, and subject matter of the document, sufficient to assess whether the assertion of privilege is valid;
> (3) the name of the person(s) who prepared or signed the document;
> (4) the name and positions of any intended and actual recipients of the document;
> (5) each person now in possession of the original or a copy of the document;
> (6) the nature of the privilege being claimed and any facts relevant to the privilege claimed;
> (7) the number of the request to which the document is responsive.

9.  If there are no documents responsive to a request, so state.

10. Each definition or instruction above shall be fully applicable to each Request, notwithstanding that a definition or instruction may, in whole or in part, be reiterated in a particular Request or that a particular Request may incorporate supplemental instructions or definitions.

## REQUESTS

1. Any and all documents comprising, regarding, referring to or relating to Sana Joseph's personnel file.

2. Any and all documents comprising, regarding, referring to or relating to Jerlina Nguyen's personnel file.

3. Any and all documents regarding, referring to or relating to loans made by Plaintiff in which Sana Joseph and/or Jerlina Nguyen were involved as account officer or loan officer.

Dated: May 13. 2003.

Respectfully submitted,

Russell B. Adams III, VSB# 37302
CHUNG & PRESS, P.C.
6723 Whittier Avenue, Suite 302
McLean, Virginia 22101
(703) 734-3800
Counsel fro Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May 2003, I caused a true and accurate copy of the foregoing document to be served by hand delivery, upon counsel for the Plaintiff addressed as follows:

Joseph F. Jackson, Esq.
Williams Mullen
8270 Greensboro Drive, Suite 700
McLean, VA 22102

_____
Russell B. Adams III